IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01835-GPG

DYWAND DAYTRON JULIEN,

     Plaintiff,

v.

RICK RAEMISCH,
BRANDON SCHAFFER,
MARY CARLSON,
ANGELA BRUBAKER,
JASON LENGERICK,
ALISON MORGAN,
RAUL MAZE,
DANIEL BARONI,
SIMON DENWALT, and
R.E. HAZEN,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

On August 24, 2015, Plaintiff Dywand Daytron Julien filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On September 2, 2015, Plaintiff was granted leave to proceed pursuant to § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  It is Mr. Julien's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Julien must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of

each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendants be required to sift through Mr. Julien's vague and conclusory allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state a claim in federal court, Mr. Julien "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, Mr. Julien appears to be suing the individual Defendants in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). The State and its agencies are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the Colorado Department of Corrections expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). The Eleventh Amendment

prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).  Accordingly, Mr. Julien cannot obtain a judgment for damages against the individual Defendants, sued in their official capacities.

The Complaint further is deficient because Mr. Julien fails to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights.  Personal participation is an essential element in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff's allegations are not sufficient to demonstrate that the Defendants were personally involved in the alleged deprivation of his rights.  Instead, Plaintiff seeks to hold these individuals liable based on their supervisory status, which is improper under § 1983.  Plaintiff's conclusory allegations without supporting factual averments as to an alleged "custom and policy" are insufficient.  *See Hall,* 935 F.2d at 1110.  Moreover, it is well-established that parole board members are absolutely immune "from damages liability for actions taken in performance of [their] official duties regarding the granting or denying of parole."  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988)).

And, to state an arguable due process claim, Mr. Julien must allege facts to show that he was deprived of a constitutionally-protected liberty interest.  *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004).  The interests protected by the Due Process Clause are those found within the United States Constitution, or those created by federal or state law.  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  There is no legitimate claim unless the claim arises from one of those sources.  *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Thus, as a matter of pure constitutional law, Mr. Julien has no liberty interest in release on parole.  *Id*. Moreover, there is no constitutional right to parole created by Colorado law.  *Shirley v.*

*Chestnut*, 603 F.2d 805 (10th Cir. 1979); *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1992) ("[s]ubjecting [Colorado] petitioner to discretionary parole does not violate his right to due process").  Moreover, Mr. Julien has no right to placement in a community corrections facility under federal or state law.  *People v. Wilhite*, 817 P.2d 1017, 1021(Colo. 1991), *cert. denied*, *Wilhite v. Colorado*, 502 U.S. 1103 (1991). Finally, under Colorado statute, "earned time . . . may be deducted from the inmate's sentence upon a demonstration . . . that he has made substantial and consistent progress in [a number of categories]." § 17.22.5-302(1); *see also* § 17-22.5-405(1) (stating that "earned time . . . may be deducted from the inmate's sentence. . .").  For inmates sentenced for crimes committed on or after July 1, 1985, the CDOC has discretion to "withhold" or "withdraw" any "earned time deduction[s]."  § 17.22.5-302(4), C.R.S.  Mr. Julien alleges that he was sentenced for crimes committed in 1995, 2010, and 2014.  (ECF No. 1, at 6).   Accordingly, under state statute, the award of earned-time credits to Mr. Julien is within the discretion of prison officials and, therefore, he does not have a constitutionally protected liberty interest in earned-time credits.  *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Julien will be given an opportunity to cure the deficiencies by submitting an amended Complaint that states defendants and claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court

will not consider any claims raised in separate attachments, amendments,

supplements, motions, or other documents not included in the amended Complaint.

Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,**

an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint

form along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within

the time allowed, the Court will dismiss all or part of this action without further notice.

DATED September 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge