IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01835-GPG

DYWAND DAYTRON JULIEN,

    Plaintiff,

v.

RICK RAEMISCH,
BRANDON SHAFFER,
MARY CARLSON,
ANGELA BRUBAKER,
JASON LENGERICH,
ALISON MORGAN,
RAOUL MAZE,
DANIEL BARONI,
SIMON DENWALT, and
R.E. HAZEN,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Dywand Daytron Julien, was in the custody of the Colorado Department of Corrections (CDOC) at the Buena Vista Correctional Facility when he initiated this action by filing, *pro se*, a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On September 22, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient for several reasons. Specifically, Magistrate Judge Gallagher found that Plaintiff did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; improperly sought a judgment for damages against the individual Defendants, sued in their official

capacities; failed to allege the personal participation of each named Defendant in an alleged constitutional deprivation; and failed to state an arguable due process claim. Magistrate Judge Gallagher ordered Plaintiff to file an amended complaint within 30 days of the September 22 Order. Plaintiff did not file an amended complaint within the time allowed.

Plaintiff has been granted leave to proceed under the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the original Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed pursuant to § 1915(e)(2)(B)(iii).

## I.  The Complaint

In the Complaint, Plaintiff asserts the following four claims:

(1) CDOC – the Adult Division of Parole and prison officials have a custom and policy arbitrarily enacted by and through community corrections and community based therapeutic programs that violated Plaintiff's protected liberty interest without due process of law and equal protection for Plaintiff who successfully completed the community based therapeutic community program at Alano House – rights protected under the First and Fourteenth

2

      Amendments of the United States Constitution and mandated under C.R.S. Section 18-1.3-301(1)(j) – by failing to award achievement earned time credit pursuant C.R.S Section 17-22.5-405(9)(a) for the completions by Plaintiff in the Community Correction Program in the same manner as credits for completions in a Department of Corrections facility to offenders mandatory release date/sentence for successful completion of programs.

(2) CDOC has a custom and policy arbitrary enacted by and through prison officials and at the Buena Vista Minimum Center that violated Plaintiffs protected liberty interest without due process of law – rights protected under the First and Fourteenth Amendments of the United States Constitution – once CDOC was required to timely refer Plaintiff to Community Corrections when Plaintiffs parole eligibility date had been established; said actions by Defendants are in violation of Plaintiff's aforementioned Constitutional rights and 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

(3) CDOC has a custom and policy enacted, in concert, through the Denver Diagnostic Receiving Center and Diagnostic Programmers, Case Management at the Buena Vista Correctional Complex and Minimum Center, the Colorado State Board of Parole and the Division of Adult Parole, that violated Plaintiff's protected Liberty Interest and right to procedural Due Process by failing to conduct a hearing as to the disposition of offenders parole in criminal case 10CR2715 mandated under Colorado Revised Statute 17-2-103(9)(b)(I); 17-2-103(11)(b)(I) and 17-2-103)13(c) and as a result: (1) Plaintiff was deprived of his protected liberty interest created under C.R.S. § 17-22.5-202 and CDOC Administrative Regulation 200-01 for Plaintiff's entitlement to monetary consideration for departure and (2) his constitutional rights protected under the First and Fourteenth Amendments of the United States Constitution; 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985(3).

(4) CDOC has a custom and policy enacted, in concert through the Colorado State Board of Parole and the Division of Adult Parole, that violates a protected liberty interest and Due Process for incoming restricted inspection mail created and identified under CDOC Administrative Regulation 300-38(IV)(B)(1)(f) by allowing offender mail to be sent and censored via inter-department mail; said actions by Defendant's are in violation of Plaintiff's constitutional rights protected under the First and Fourteenth Amendments of the United States Constitution; 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985(3).

(ECF No. 1 at 8-13).

As relief, Plaintiff seeks compensatory and nominal damages as well as punitive damages. (*Id.* at 15).

3

**II. Analysis**

Plaintiff sues the individual Defendants in their official capacities. Therefore, the claims, which are asserted against State employees, are construed as against the State of Colorado. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). The State and its officers or agents sued in their official capacities are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984) (Eleventh Amendment immunity applies to state officials sued in their official capacities). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the State of Colorado or the CDOC expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). As a result, Plaintiff cannot obtain a judgment for damages against the individual Defendants, sued in their official capacities. Because Plaintiff only seeks money damages against the individual Defendants, sued in their official capacities, the claims are barred by Eleventh Amendment immunity.

Moreover, Plaintiff's factual allegations fail to demonstrate the personal involvement of each named Defendant. Plaintiff was warned in the September 22 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional

4

violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

In the Complaint, Plaintiff alleges that the Defendants have enacted "a custom and policy" that violates Plaintiff's constitutional rights. Plaintiff, however, does not allege facts to show that the Defendants Raemisch, Shaffer, Carlson, and Morgan were personally involved in the alleged constitutional violations. Instead, Plaintiff seeks to hold these Defendants liable based on their supervisory status, which is improper under § 1983.

Finally, Plaintiff's allegations fail to state an arguable due process claim because he fails to show that he was deprived of a constitutionally- protected liberty interest. *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004). Plaintiff was warned in the September 22 Order that he has no right to placement in a community corrections facility under federal or state law, *see People v. Wilhite*, 817 P.2d 1017, 1021(Colo. 1991), *cert. denied, Wilhite v. Colorado*, 502 U.S. 1103 (1991), and that he does not have a constitutionally protected liberty interest in earned-time credits, *see Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). *See also* C.R.S. § 17-22.5-302(4) (for inmates sentenced for crimes committed on or after July 1, 1985, the CDOC has

discretion to "withhold" or "withdraw" any "earned time deduction[s]."). Absent allegations demonstrating a constitutionally protected liberty interest arising under Colorado law, Plaintiff's due process claims also are subject to dismissal.

Accordingly, it is

ORDERED that Plaintiff's Complaint (ECF No. 1) and this action are DISMISSED with prejudice pursuant to § 1915(e)(2)(B)(iii).

DATED December 2, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court